IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB CHRISTINE | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA, et al. | : | No. 16-cv-4787 |

ORDER

AND NOW, this 16th day of November 2016, upon careful and independent consideration of Petitioner Jacob Christine's Petition for a Writ of Habeas Corpus (Doc. No. 1), the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 5), and Petitioner's objections thereto (Doc. No. 8), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation are OVERRULED.
2. The Report and Recommendation is APPROVED and ADOPTED.
3. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.
4. A certificate of appealability SHALL NOT issue, in that the Petitioner has not demonstrated that reasonable jurists would find the correctness of the procedural aspects of this ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
5. The Clerk of Court is directed to close this matter for statistical purposes.

When reviewing a Report and Recommendation ("R&R") to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Magistrate Judge found, and the Court agrees, that Petitioner's habeas application is barred by

the one-year statute of limitation, and even if it were not, that the Court lacks jurisdiction over the petition because Petitioner is no longer "in custody." R&R (Doc. No. 5), at 3, 7.

Petitioner objects to the Magistrate Judge's finding that the petition is barred by the one-year statute of limitations. Petitioner argues his petition was filed less than one year after the Pennsylvania Supreme Court denied his petition for allowance of appeal on May 10, 2016, and also argues the petition should still be accepted even if untimely in order to prevent a "fundamental miscarriage of justice." Pet'r's Objs. (Doc. No. 8), at 2. Nevertheless, the Magistrate correctly found the petition untimely. The statute of limitations for federal habeas petitions in this case expired in March 2010, more than six years before this petition was filed, and almost five years before Petitioner filed the petition in state court that was subject to the Pennsylvania Supreme Court's May 2016 denial of an appeal. *See* R&R, at 4. Nor has Petitioner made the showing of actual innocence needed for the "miscarriage of justice" exception. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The petition is barred by the statute of limitations.

Even if it were not, the Court lacks jurisdiction to consider the petition because Petitioner's probation in this case has been completed, thus he is no longer "in custody." R&R, at 7. Petitioner objects; arguing that he should still be considered "in custody" because he is still required to pay fines and restitution. Pet'r's Objs., at 3. But, "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Thus, Petitioner is not "in custody" for federal habeas corpus purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.
